## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| MARK O. COOPER, ) | |
| Petitioner, ) | |
| v. ) | Case No. 15-cv-1425 |
| J. KRUEGER, Warden ) | |
| Respondent. ) | |

## O R D E R & O P I N I O N

This matter is before the Court on Petitioner Mark O. Cooper's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. (Doc. 1). For the reasons stated below, the Petition is dismissed.

### BACKGROUND AND PROCEDURAL HISTORY

Petitioner Mark O. Cooper and two others, while armed, robbed Soto's Jewelry store in Rockford, Illinois on August 2, 2007. *United States v. Cooper*, 360 F. App'x 657, 657-58 (7th Cir. 2012). During the robbery, Petitioner jumped on the counter and ordered an employee of the store at gunpoint to get on the ground as one of his cohorts went into a small back room and dragged a second employee approximately six feet. *Id.* at 658; *United States v. Cooper*, No. 07-cr-50058-5 (N.D. Ill. June 13, 2008). Petitioner and the others left having stolen approximately $3,000 of merchandise. *Cooper*, 360 F. App'x at 658.

Petitioner ultimately pleaded guilty to two counts of the indictment: a robbery count pursuant to 18 U.S.C. § 1951(a) and a count for using a firearm during a crime of violence pursuant to 18 U.S.C. § 924(c)(1)(A). *Id.*; *United States v.*

*Cooper*, No. 07-cr-50058-5 (N.D. Ill. Sept. 22, 2008). On September 22, 2008, the trial court sentenced Petitioner to 155 months of imprisonment. *United States v. Cooper*, No. 07-cr-50058-5 (N.D. Ill. Sept. 22, 2008). This included 71 months for the robbery charge, and 84 months to run consecutive to the robbery charge for using a firearm during a crime of violence. *Id.* Petitioner is currently incarcerated in the Federal Correctional Institution in Pekin, Illinois. (Doc. 1 at 1).

The Seventh Circuit Court of Appeals affirmed Petitioner's sentence. *See United States v. Cooper*, 360 F. App'x 657 (7th Cir. 2010). On appeal, Petitioner argued that the district court improperly calculated his sentencing guideline range for the robbery count. The district court calculated Petitioner's final offense level at level 23. *Id.* at 659. It began with a base offense level of 20, and then added two points because the victim sustained bodily injury during the robbery, added four additional points having concluded that the victim was abducted, and subtracted three points because Petitioner accepted responsibility. *Id.* With Petitioner's criminal history category of IV, the Guidelines recommended a sentence between 70 and 87 months. *Id.*

The Seventh Circuit found that the victim was restrained rather than abducted, and therefore held that the district court erred in calculating Petitioner's final offense level of 23. *Id.* However, the court concluded that this error was harmless, as Petitioner's ultimate sentence was within the properly-calculated guideline range and the district court stated that "he would have given the identical sentence whether or not he was correct on the abduction versus restraint issue." *Id.*

at 659-60. The court rejected Petitioner's other argument on appeal as frivolous. *Id.* at 660.

On July 30, 2012, Petitioner filed a motion pursuant to 28 U.S.C. § 2255. *See Cooper v. United States*, No. 12-cv-50284 (N.D. Ill. Oct. 25, 2012). In it, he asserted that his 71-month sentence on the robbery conviction was erroneous because the Court "improperly considered both his criminal history and the fact a victim was injured." *Id.* The district court dismissed the motion as untimely, *id.*, and the Seventh Circuit declined to issue a Certificate of Appealability. *Cooper v. United States*, No. 13-2514 (7th Cir. Oct. 31, 2013).

Petitioner then filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241 in the Southern District of Illinois, when he was incarcerated in the Federal Correctional Institution at Greenville, Illinois. *See Cooper v. Cross*, No. 14-cv-00076, 2014 WL 624217 (S.D. Ill. Feb. 28, 2014). In it, Petition argued that the trial court denied his First Amendment right to access the courts by denying his § 2255 motion without an evidentiary hearing. *Id.* at *1. He sought a reinstatement of his § 2255 motion and an evidentiary hearing. *Id.* The court dismissed the petition with prejudice. *Id.* at 3.

This brings us to the current Petition. Although Petitioner purports to challenge the manner in which his sentence is being carried out, calculated, or credited by prison authorities, he is actually challenging the sentence imposed by the district court. (*See* Doc. 1 at 2). He argues that the district court improperly sentenced him, (*id.*), and requests that the court vacate the sentence and resentence him. (*Id.* at 6). In a memorandum accompanying his Petition, Petitioner challenges

3

the sentence with respect to each of the counts for which he was convicted. First, he argues that the 84-month consecutive sentence that he is serving pursuant to his firearm conviction is altogether invalid. (Doc. 2 at 1-2). Second, he argues that the 71-month sentence that he is serving pursuant to his robbery conviction is too long in light of his offense level and criminal history. (*Id.* at 2). He requests that he be resentenced "according to the guidelines of 46 to 57 months imprisonment on [the robbery conviction], without [the firearm conviction]." (*Id.*).

## DISCUSSION

The Court, in its discretion, applies the Rules Governing Section 2254 Cases in the United States District Courts to this case. *See* Rules Governing Section 2254 Cases in the United States District Courts, R 1(b).[1] This includes Rule 4, which requires that the Court "promptly examine" the Petition, and dismiss it if it "plainly appears . . . that the petitioner is not entitled to relief." Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has examined the Petition and concludes that Petitioner's § 2241 claim is not cognizable and must be dismissed.

Petitioner is challenging the validity of the sentence imposed by the district court, and therefore would ordinarily be required to bring his claim as a § 2255 motion rather than a § 2241 petition. *See Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) ("28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief. Section 2255 applies to challenges to the validity

---

[1] *See also Poe v. United States*, 468 F.3d 473, 477 n.6 (7th Cir. 2006); *Hudson v. Helman*, 948 F. Supp. 810, 811 (C.D. Ill. 1996) (holding Rule 4 takes precedence over the deadlines in 28 U.S.C. § 2243 and gives court discretion to set deadlines).

of convictions and sentences, whereas § 2241 applies to challenges to the fact or duration of confinement."); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). He may only petition under 28 U.S.C. § 2241 if the remedy provided under § 2255 "is inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e) (which is often referred to as "the Savings Clause").

In *In re Davenport*, 147 F.3d 605 (7th Cir. 1998), the Seventh Circuit held that collateral relief is available to a federal prisoner under § 2241 "only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *Id.* at 611. A federal prisoner must meet three criteria in order to invoke the Savings Clause and obtain collateral relief pursuant to § 2241. First, a prisoner "must show that he relies on a [new] statutory-interpretation case rather than a constitutional case;" second, he "must show that he relies on a retroactive decision that he could not have invoked in his first § 2255 motion;" and third, "[the] sentence enhancement [must] have been a grave enough error to be deemed a miscarriage of justice corrigible therefore in a habeas corpus proceeding." *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013) (citations omitted)(internal quotation marks omitted).[2]

Petitioner cannot meet the requirements established by *Davenport* and its progeny because his claims regarding his sentence do not rely on any new and retroactive statutory interpretation cases. *See id.* Petitioner suggests that he has presented certain new claims that are now available because of "the 'Johnson' case."

---

[2] The mere fact that Petitioner's claim would be a second or successive § 2255 motion does not render § 2255 inadequate or ineffective. *See Davenport*, 147 F.3d at 609-10. Nor does the fact that a previous § 2255 motion was denied. *Stirone v. Markley*, 345 F.2d 473, 474 (7th Cir. 1965).

(Doc. 1 at 8). In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court addressed the constitutionality of one clause in 18 U.S.C. § 924(e), which imposes a mandatory minimum sentence of fifteen years for individuals who violate 18 U.S.C. § 922(g) and have three or more previous convictions for a violent felony, a serious drug offense, or both. The statute includes a clause defining those felonies that "otherwise involve[] conduct that presents a serious potential of physical injury to another" as violent felonies. 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court held that this clause is invalid because it is unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557.

There are two problems with Petitioner's reliance on *Johnson*. First, and most importantly, this case just does not implicate *Johnson*. Petitioner was convicted of violating 18 U.S.C. § 924(c)(1)(A), which is a wholly separate statutory provision from 18 U.S.C. § 924(e)(2)(B). Section 924(c)(1)(A) establishes mandatory minimum sentences for "any person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm . . . ." Meanwhile, § 924(e) establishes a mandatory minimum sentence for a subsection of individuals who have been convicted of violating 18 U.S.C. § 922(g). Moreover, § 924(c) includes a definition for crime of violence that is distinct from § 924(e)'s definition for violent felony. *Compare* 18 U.S.C. § 924(c)(3) *with id.* § 924(e)(2)(B). As Petitioner pleaded guilty to a crime that is unrelated to the statutory provision addressed by *Johnson*, the *Johnson* case is inapplicable.

6

Second, even if Petitioner had a *Johnson* claim, such a claim must be addressed by a § 2255 motion rather than a § 2241 petition, as *Johnson* "announce[d] a new substantive rule of constitutional law that the Supreme Court has categorically made retroactive to final convictions." *Price v. United States*, 795 F.3d 731, 732 (7th Cir. 2015); *see also, Jenkins v. Krueger*, No. 15-cv-1307, 2015 WL 4750787, at *2 (C.D. Ill. Aug. 11, 2015)(explaining that § 2241 is unavailable to petitioners bringing *Johnson* claims because *Johnson* claims are constitutional rather than statutory).

Because Petitioner has failed to show that "he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion," the Court concludes that he is not entitled to proceed under 28 U.S.C. § 2241. *Davenport*, 147 F.3d at 611.

## Conclusion

For these reasons, the Court finds Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2241. Thus, the Petition is DISMISSED pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. IT IS SO ORDERED. CASE TERMINATED.

Entered this 8th day of December, 2015.

s/Joe B. McDade<br>
JOE BILLY McDADE<br>
United States Senior District Judge